IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,    Criminal Case No. 09-50-KI

    Respondent-Plaintiff,

                                                                                   OPINION AND ORDER

vs.

**THOAI HOANG LE**,

    Petitioner-Defendant.

    Dwight C. Holton
    United States Attorney
    District of Oregon
    J. Russell Ratto
    Special Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon  97204

        Attorneys for United States of America

Page 1 - OPINION AND ORDER

Thoai Hoang Le
12449-111
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

      Pro Se Petitioner-Defendant

KING, Judge:

Defendant pleaded guilty to an indictment alleging a conspiracy to manufacture, possess with intent to distribute and distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 846. Based on defendant's plea agreement, his relevant conduct included a drug calculation of between 60 and 80 kilograms of marijuana, resulting in an advisory guideline range of 37 to 46 months. I found the parties' plea agreement reasonable and sentenced defendant below the advisory guideline range, to 27 months imprisonment, after taking into account factors in 18 U.S.C. § 3553.

Defendant asks me to reduce his sentence, citing sentencing guideline amendments which became effective November 1, 2010. Defendant argues that the amendments provide for a greater range of sentencing options, and he asks me to consider a further variance based on § 3553 factors including his age, mental and emotional condition, physical condition, and cultural assimilation.

## DISCUSSION

Defendants asks me to reduce his sentence based on the authority in 18 U.S.C. § 3582(c)(2), which states:

> (c) Modification of an Imposed Term of Imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that–

. . . .

   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the November 2010 amendments to the sentencing guidelines, the Sentencing Commission did not lower the sentencing range on which I sentenced defendant. Thus, § 3582(c)(2) does not give me the authority to modify his sentence. See <u>Dillon v. United States</u>, __ U.S. __, 130 S. Ct. 2683, 2694 (2010) ("§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."). I am unable to grant defendant's request.

## CONCLUSION

Defendant's Motion for Reduction of Sentence in light of the November 1st 2010 Amendments to the USSG (#122) is denied.

IT IS SO ORDERED.

Dated this   22nd   day of March, 2011.

            /s/ Garr M. King
            Garr M. King
            United States District Judge